UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Roln Speights, ) | |
| ) | Civil Action No.:_____ |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | (Jury Trial Demanded) |
| ) | |
| Harbor Freight Tools Distribution and/or ) | |
| Harbor Freight Tools USA, Inc., ) | |
| ) | |
| Defendant/s. ) | |

Plaintiff, complaining of Defendant, herein alleges that:

### PARTIES AND JURISDICTION

1. This action is brought pursuant to the Family Medical Leave Act ("FMLA"); 29 U.S.C. §§ 2601 *et seq.*

2. Plaintiff is a citizen and resident of the Florence County, South Carolina. At all relevant times, Roln Speights ("Plaintiff") was an employee of Defendant/s, Harbor Freight Tools Distribution and/or Harbor Freight Tools USA, Inc. ("Defendant").

3. Defendant is a corporation organized and existing under the laws of Delaware, which does business and has a facility in Florence, South Carolina, which is located in Florence County.

4. Defendant is an "employer" within the meaning of FMLA because engaged in commerce or in any industry or activity affecting commerce and it employs fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the relevant current or preceding year.

1

5.    Plaintiff is an eligible employee under the FMLA because he worked at least 1250 hours in the twelve (12) months preceding his need for leave.

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant does business in this judicial district and division and the unlawful employment practices giving rise to Plaintiff's claims were committed within this judicial district and division.

## FACTUAL ALLEGATIONS

8.    At all times relevant hereto Plaintiff was an employee of Defendant and met his employer's reasonable expectations for his job.

9.    Plaintiff began working for Defendant as a Machine Operator in 2015. He worked full-time hours.

10.   On or about December 3, 2021, Plaintiff was involved in a motor vehicle accident which caused lumbar sprain, neck sprain, muscle spasms, and damage to nerves in his legs. Plaintiff immediately reported his injuries to his employer and provided notice that his doctor wrote him out of work for two (2) weeks, after which he could return to light duty.

11.   After two (2) weeks, Plaintiff returned to work for a duration of four (4) weeks on light duty. Plaintiff was restricted from lifting anything heavy and could not operate heavy machinery due to the medication he was on. Plaintiff was still struggling with light duty work because of his injuries. After the four (4) weeks, Plaintiff's doctor wrote him out of work again for an additional six (6) weeks.

12.   Plaintiff's doctor submitted FMLA paperwork on or about December 22, 2021. Upon information and belief, Plaintiff's doctor updated the paperwork and light duty restrictions

when Plaintiff returned to light duty and when he was once again written out of work for an additional six (6) weeks.

13.     Defendant operated on a point system for absenteeism. While Plaintiff was out on FMLA protected leave, Defendant called Plaintiff and terminated his employment stating that he had exceeded points allowed for absenteeism which was why he was terminated. Plaintiff received no paperwork concerning his termination.

14.     Plaintiff's FMLA protected leave should not have counted against him in Defendant's point system. Defendant had Plaintiff's FMLA paperwork and notices from Plaintiff's doctor that he suffered a serious health condition for which he needed full-time leave, then restrictions, and also intermittent leave for doctor's appointments.

15.     After his termination, Plaintiff called Defendant's corporate office in California. Plaintiff was informed that his local facility did not turn in his FMLA paperwork in time, which is why he accumulated points and why he was terminated. Despite being made aware of its error, Defendant did nothing to put Plaintiff back into his position.

16.     Plaintiff suffered back pay, front pay, loss of benefits, and attorney's fees and costs.

## CAUSE OF ACTION
(Violations of FMLA)

17.     Plaintiff incorporates the allegations in paragraphs 1 through 16 above as fully as if set forth verbatim herein.

18.     Defendant/s willfully violated the FMLA when they terminated Plaintiff before the expiration of his FMLA protected leave and by failing to return Plaintiff to his same or equivalent position after the expiration of his FMLA protected leave.

19. Defendant/s willfully violated the FMLA by: failing to provide Plaintiff eligibility notice; using the Plaintiff's FMLA leave against him in the employment action of termination by counting his leave against him under a "no fault" attendance policy; by failing to keep basic record keeping requirements, including but not limited to turning his FMLA paperwork into the proper department; and other violations yet unknown.

20. As a direct result and consequence of the Defendants' violation of the FMLA, Plaintiff is entitled to reinstatement, back pay, front pay, liquidated damages, interests, equitable relief, other resulting monetary loss, and attorney's fees and costs.

**WHEREFORE,** Plaintiff demands judgment against Defendant for back pay, front pay, reinstatement, liquidated damages, interests, equitable relief, other resulting monetary loss, and attorney's fees and the costs.

Respectfully submitted.

**MIKE KELLY LAW GROUP**

s/Janet E. Rhodes
Janet E. Rhodes, Esquire (10521)
Post Office Box 8113
Columbia, South Carolina 29202
Telephone: 803-461-2160
Facsimile: 803-252-7145
Email: jrhodes@mklawgroup.com
**ATTORNEY FOR PLAINTIFF**

Columbia, South Carolina
February 7, 2023